**UNITED STATES of America,**
**Appellee,**

v.

**Antonio GUERRERO aka Tony, Omar Flores, Johnny Cedeno,**
**Defendants,**

Edwin Maldonado, Defendant–
Appellant.

No. 12–5095–CR.

United States Court of Appeals,
Second Circuit.

March 28, 2014.

Jane Fisher–Byrialsen, Fisher, Byrial-
sen & Kreizer PLLC, New York, NY, for
Appellant.

Laurie A. Korenbaum, Jennifer G.
Rodgers, AUSA for Preet Bharara, U.S.
Attorney for the Southern District of New
York, New York, NY, for Appellee.

PRESENT: RALPH K. WINTER,
RICHARD C. WESLEY, SUSAN L.
CARNEY, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Edwin Maldonado
appeals from a judgment of conviction and
sentence entered on December 14, 2012, in
the United States District Court for the
Southern District of New York (Robert W.
Sweet, *Judge* ) following a jury trial. The
jury convicted Maldonado of the intention-
al murder of Leonard Overman committed
with the use of a firearm, conspiracy to
commit the murder-for-hire of Genero
Rodriguez, which resulted in the death of
Carmen Diaz, and other crimes related to
Diaz's murder. On appeal, Maldonado ar-
gues that the government impermissibly
vouched for one of its witnesses on rebut-
tal, thus depriving him of a fair trial. He
also argues that the district court erred
under the standards set forth in *Miller v.
Alabama*, in sentencing him to life impris-
onment, as he was a minor at the time he
committed the murders. —— U.S. ——,
132 S.Ct. 2455, 183 L.Ed.2d 407 (2012).
We assume the parties' familiarity with the
underlying facts, the procedural history,
and the issues for review.[1]

As this Court has repeatedly stated,
"'[t]he government has broad latitude in
the inferences it may reasonably suggest
to the jury during summation.' " *United
States v. Zackson*, 12 F.3d 1178, 1183 (2d
Cir.1993) (quoting *United States v. Casam-
ento*, 887 F.2d 1141, 1189 (2d Cir.1989)).
Accordingly, a defendant asserting that a
prosecutor's remarks warrant a new trial
"face[s] a heavy burden, because the mis-
conduct alleged must be so severe and
significant as to result in the denial of [his]
right[ ] to a fair trial." *United States v.
Locascio*, 6 F.3d 924, 945 (2d Cir.1993). In
evaluating whether a defendant has met
this heavy burden, the Court considers
three factors: "(1) the severity of the mis-
conduct; (2) the measures adopted to cure
it; and (3) the certainty of conviction in
the absence of the misconduct." *United
States v. Ferguson*, 653 F.3d 61, 84 (2d
Cir.2011) (internal quotation marks omit-
ted); *accord United States v. Spinelli*, 551
F.3d 159, 170 (2d Cir.2008). A defendant
is entitled to relief only if he can show
"that the comment, when viewed against
the entire argument to the jury, and in the
context of the entire trial, was so severe
and significant as to have substantially
prejudiced him." *United States v. Far-
hane*, 634 F.3d 127, 167 (2d Cir.2011) (in-

---

1. We review conclusions of law *de novo. In
re Terrorist Bombings of U.S. Embassies in*
    *East Africa*, 552 F.3d 93, 135 (2d Cir.2008).

ternal quotation marks and citations omitted).

Here, Maldonado argues that the prosecution's statements were misconduct and that the government was impermissibly "vouching" for witnesses. But, under *Spinelli*, the government's statements, even if considered misconduct, were harmless when tempered by the district court's explicit and multiple jury instructions to correct the error, and when viewed in light of the overwhelming evidence against Maldonado.

With respect to Maldonado's sentencing challenge, we review sentences under an abuse of discretion standard for procedural and substantive reasonableness. *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir.2008) (en banc). Though mandatory life imprisonment sentences for minors are unconstitutional, there is no *per se* foreclosure of a life sentence without the possibility of parole for a juvenile convicted of murder. *See Miller*, 132 S.Ct. at 2469. The district court properly considered all of the *Miller* factors; Maldonado's repeated history of violent aggression after the age of majority, including a murder and attempted murder; and other mitigating factors under 18 U.S.C. § 3553(a) in sentencing Maldonado.

We have considered all of Defendant–Appellant's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is **AFFIRMED**.